FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 25 2025

TAMMY H. DOWNS, CLERK
By: ______ DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

**CENTRAL DIVISION**

**BRIANCA STUBBS and**
**DEMETRE WALKER, on behalf of themselves**
**and all others similarly situated,** **PLAINITFFS**

**v. Civil Action No.** 4:25-cv-753-LPR

**ANGELS ON YOUR SIDE HOME CARE, LLC,**
**TAIMEKA HAGGANS, and**
**CHRISTOPHER HAGGANS,** **DEFENDANTS**

**CLASS ACTION COMPLAINT**

Plaintiffs, **BRIANCA STUBBS and DEMETRE WALKER**, on behalf of themselves and all others similarly situated, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.** state as follows:

## INTRODUCTION

1. This is a collective-action lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and a Rule 23 class action under the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201 *et seq.*, by Plaintiffs **BRIANCA STUBBS** and **DEMETRE WALKER** ("Plaintiffs"), on behalf of themselves and all others similarly situated, to recover unpaid overtime wages, liquidated damages, treble damages, and other relief.

2. Defendants misclassified Plaintiffs and dozens of other home-care providers as independent contractors (Form 1099) when in reality they were W-2 employees and entitled to overtime. Plaintiffs regularly worked in excess of 40+ hours per week from

This case assigned to District Judge Rudofsky
and to Magistrate Judge Harris

April 29, 2024 through April 18, 2025, but received only straight-time pay. When they complained, Defendants retaliated and terminated their assignments.

## PARTIES

3. **Plaintiff Brianca Stubbs** is an Arkansas resident of Conway, Arkansas, who worked for Angels On Your Side Home Care, LLC as a home-care aide from April 29, 2024 until April 18, 2025, in Conway Rock, Arkansas.

4. **Plaintiff Demetre Walker** is an Arkansas resident of Conway, Arkansas, who worked for the same employer in North Little Rock from April 27, 2024 until April 18, 2025.

5. **Defendant Angels On Your Side Home Care, LLC** is an Arkansas limited-liability company with its principal place of business in St. Francis County, Arkansas. It provides in-home caregiving services and employs (or employed) over 70 individuals.

6. **Defendants Taimeka Haggans and Christopher Haggans** are the owners and managers of Angels On Your Side Home Care, LLC who oversaw hiring, classification, pay policies, and discipline.

## JURISDICTION & VENUE

7. This Court has federal-question jurisdiction under 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331.

8. Supplemental jurisdiction over the AMWA claims is proper under 28 U.S.C. § 1367(a).

9. Venue lies in this District under 28 U.S.C. § 1391(b) because Defendants reside here and the events occurred here.

## FACTUAL ALLEGATIONS

10. Angels On Your Side Home Care, LLC provides personal care services—such as bathing, meal preparation, medication reminders, and light housekeeping—to elderly and disabled clients in central Arkansas.

11. During the period of Plaintiffs' employment (April 29, 2024–April 18, 2025), Angels On Your Side Home Care, LLC generated annual gross revenues in excess of $2,000,000. Each year it obtained supplies, medical equipment, and training materials from out-of-state vendors, and billed Medicaid and private insurers in multiple states, placing its operations within the flow of—and substantially affecting—interstate commerce.

12. Plaintiffs were classified as "independent contractors" despite meeting every factor of the economic-realities test for employee status:

- Defendants set their schedules, assigned which clients they would serve, and directed the manner of their care;
- Plaintiffs used company-provided client lists, record-keeping software, and identification badges;
- Plaintiffs had no significant entrepreneurial opportunity for profit or loss;
- Plaintiffs were economically dependent on Angels On Your Side's assignments for their livelihood.

13. From April 29, 2024 through April 18, 2025, Plaintiffs routinely worked over 40 hours in a workweek but were paid only straight-time. Demetre Walker's last day of employment was, May 31, 2025.

14. Defendants never paid Plaintiffs the statutorily required overtime premium (one-and-one-half times the regular rate) for hours worked over forty (40) in a workweek.

15. Beginning in early 2025, Plaintiffs complained to management about their misclassification and unpaid overtime.

16. On April 18, 2025, immediately after those complaints, Defendants terminated both Plaintiffs' assignments in retaliation for asserting their right to overtime pay, and backpay for earned, and unpaid, hourly wages.

## COLLECTIVE ACTION ALLEGATIONS (FLSA)

17. Plaintiffs bring Counts I (unpaid overtime) and II (retaliation) under 29 U.S.C. § 216(b) as an "opt-in" collective action on behalf of themselves and:

**All non-exempt caregivers** who (a) worked for Angels On Your Side Home Care, LLC between April 27, 2022 and the date of final judgment; (b) were classified as independent contractors; and (c) were not paid the overtime premium required by the FLSA.

18. The collective is so numerous that joinder of all members is impracticable.

19. Common questions of law and fact include whether Defendants misclassified employees, whether their failure to pay overtime was willful, and the proper measure of damages.

20. Plaintiffs' claims are typical of the collective; they will fairly and adequately represent the group, and their counsel is experienced in FLSA litigation.

## CLASS ACTION ALLEGATIONS (AMWA)

21. Plaintiffs bring Counts III (AMWA overtime) and IV (AMWA retaliation) under Fed. R. Civ. P. 23 on behalf of:

**All caregivers** who worked for Angels On Your Side Home Care, LLC in Arkansas from April 27, 2022 through the date of final judgment, were misclassified as independent contractors, and were denied overtime pay as required by Ark. Code Ann. § 11-4-211.

22. This class satisfies Rule 23(a) and (b)(3):

- **Numerosity:** Dozens of caregivers employed across multiple locations;
- **Commonality:** All class members share the uniform policy of misclassification and denial of overtime;
- **Typicality:** Plaintiffs' claims arise from the same practices and are typical of the class;
- **Adequacy:** Plaintiffs and their counsel will fairly and adequately protect class interests;
- **Predominance & Superiority:** Common legal and factual issues predominate, and a class action is superior to many individual suits.

## COUNT I
## (FLSA, 29 U.S.C. § 207 & § 216(b): Unpaid Overtime)

23. Plaintiffs reallege ¶¶ 1–16.

24. Defendants are "employers" and Plaintiffs are "employees" under the FLSA.

25. Defendants willfully failed to pay time-and-one-half for all hours worked over forty (40) in a workweek, in violation of 29 U.S.C. § 207.

26. Plaintiffs and collective members are entitled to recover unpaid overtime, liquidated damages, attorneys' fees, and costs under 29 U.S.C. § 216(b).

**COUNT II**

**(FLSA, 29 U.S.C. § 215(a)(3): Retaliation)**

27. Plaintiffs reallege ¶¶ 1–16.

28. Plaintiffs engaged in protected activity by complaining about unpaid overtime.

29. Defendants retaliated by terminating Plaintiffs on April 18, 2025, in violation of 29 U.S.C. § 215(a)(3). Demetre Walker was able to resume employment services, then dropped again, effective, June 1, 2025.

30. Plaintiffs are entitled to back pay, front pay or reinstatement, liquidated damages, attorneys' fees, and costs.

**COUNT III**

**(AMWA, Ark. Code Ann. § 11-4-211: Unpaid Overtime)**

31. Plaintiffs reallege ¶¶ 1–16.

32. The AMWA requires overtime pay at one-and-one-half times the regular rate for hours worked over forty (40) in a workweek.

33. Defendants willfully violated Ark. Code Ann. § 11-4-211 by denying Plaintiffs and class members the statutory overtime premium.

34. Plaintiffs and class members are entitled to recover unpaid overtime, treble damages, attorneys' fees, and costs.

## COUNT IV

## (AMWA, Ark. Code Ann. § 11-4-211(d): Retaliation)

35. Plaintiffs reallege ¶¶ 1–16.

36. Plaintiffs' complaints about unpaid overtime constituted protected activity under the AMWA.

37. Defendants retaliated by terminating Plaintiffs on April 18, 2025, in violation of Ark. Code Ann. § 11-4-211(d).

38. Plaintiffs are entitled to lost wages, treble damages, attorneys' fees, and costs.

## JURY TRIAL DEMANDED

39. Plaintiffs pray for a trial by Jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Certify the FLSA collective and issue notice under 29 U.S.C. § 216(b);
2. Certify the AMWA Rule 23 class;
3. Award unpaid overtime wages and liquidated damages under the FLSA;
4. Award unpaid overtime wages and liquidated damages under the AMWA;
5. Award damages for retaliation under both statutes;
6. Award attorneys' fees, costs, and pre- and post-judgment interest; and
7. Grant such other relief as the Court deems just and proper.

Dated: July 25, 2025

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
501-315-1910 Office
501-315-1916 Facsimile
Attorney for the Plaintiff
lucien.gillham@gmail.com
*Counsel for Plaintiff*

By: */s/ Lucien Gillham*
Lucien Gillham, Esq. ARBN 99199
Lucien.gillham@gmail.com

By: */s/ Luther Sutter*
Luther Sutter, Esq. ARBN 95031
luther.sutterlaw@gmail.com